UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Wynn Las Vegas, LLC, | Case No. 2:20-cv-00832-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| National Union Fire Insurance Company of Pittsburg, PA, et al., | |
| Defendants. | |

Before the Court are four motions. First, the parties filed a disputed proposed discovery plan and scheduling order. ECF No. 15. Second, Defendant National Union Fire Insurance Company of Pittsburg, PA (National) filed a motion to stay discovery. ECF No. 19. Plaintiff opposed this motion at ECF No. 21, and National replied at ECF No. 25. Third, Plaintiff filed a motion for oral argument on National's motion to stay discovery. ECF No. 26. National opposed the motion at ECF No. 27. Fourth, Plaintiff filed a motion to amend its complaint at ECF No. 29. National opposed this motion at ECF No. 31, and Plaintiff replied at ECF No. 32. As discussed below, the Court will deny National's motion to stay discovery, deny Plaintiff's request for oral argument on this motion, and deny the parties' proposed discovery plan and scheduling order. The Court will require the parties to file a new proposed discovery plan and scheduling order by May 14, 2021. The Court will also grant Plaintiff's motion to amend its complaint.

**I.  National's Motion to Stay Discovery (ECF No. 19)**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may

warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

Here, National moved to stay discovery on December 4, 2020. ECF No. 19. National argued that discovery should be stayed in this case until a motion to compel arbitration was decided in a related case in the Southern District of New York. *Id.* at 1. National argued that if the motion to compel arbitration was granted, this case would not proceed and discovery in it would be unnecessary. *Id.* at 9.

Plaintiff opposed this motion. ECF No. 21. Critically, Plaintiff argued that even if the Southern District of New York granted National's motion to compel arbitration, Plaintiff would *not* be required to arbitrate the claims brought in this case. *Id.* at 5.

When National filed its reply, the Southern District of New York had granted its motion to compel arbitration in the New York case. *See* ECF No. 25 at 1. National argued that, because of the New York decision and 9 U.S.C. § 3, this Court was required to stay this case *sua sponte* or dismiss it pending completion of the arbitration. *Id.* National noted that if the Court did neither, it would file a motion to stay the case or dismiss it. *Id.* at 2, n.3.

Shortly thereafter, National filed a motion to stay the case or dismiss it. ECF No. 30. On March 8, 2021, the district judge assigned to this case denied National's motion. ECF No. 39. The district judge reasoned that

> [t]he Federal Arbitration Act dictates that a court "shall" stay an action until "arbitration has been had" whenever the "issue involved in such suit or proceeding is referable to arbitration under [a written arbitration] agreement." 9 U.S.C. § 3. However, a court may exercise its own inherent power to stay proceedings as soon as it is "satisfied" a dispute is arbitrable. *Id*. . . .
>
> In response, plaintiff argues that its claims for bad faith are separate from the "express obligations of the insurance contract," making them outside the scope of the other case's arbitration. (ECF No. 33). This court agrees that a stay is not appropriate. The question before this court on plaintiff's claims of bad faith [is whether they] go beyond the express terms of the insurance policy. Because the question of bad faith is outside the scope of the arbitration, a stay is not compulsory, and this court finds that a stay would not simplify the issues for trial.

ECF No. 39 at 2. In other words, the district judge found that the order compelling arbitration in the New York case did not require staying or dismissing this case.

Considering the district judge's ruling, the Court will deny National's motion to stay discovery. Though a potentially dispositive motion (the motion to compel arbitration) was pending when National filed its motion to stay discovery, it is no longer pending. Further, even though the motion to compel arbitration in New York was granted, the district judge found that neither a stay of this case nor dismissal was required or appropriate. *See* ECF No. 39.[1] Accordingly, National's argument regarding why discovery should be stayed is moot. *See Kor Media Group*, 294 F.R.D. at 581 (discovery may be stayed when a potentially dispositive motion is pending and other factors are met).

**II.    Plaintiff's Motion for Oral Argument on National's Motion to Stay Discovery (ECF No. 26)**

Plaintiff requested that the Court hear oral arguments on National's motion to stay discovery to address the impact of the Southern District of New York's ruling on this litigation.

---

[1] The Court is aware that National is appealing the district judge's decision denying National's motion to stay or dismiss this case. ECF No. 40. Nonetheless, no dispositive motion is pending.

ECF No. 26. Because the Court is denying National's motion to stay discovery, the Court will deny this motion as moot.

### III. The Parties' Proposed Discovery Plan and Scheduling Order (ECF No. 15)

The Court reviewed the parties' disputed proposed discovery plan and scheduling order. Given the Court's ruling on National's motion to stay discovery and the amount of time that has lapsed since the parties' filed this proposed plan, neither parties' proposed discovery plan is appropriate or feasible. Accordingly, the Court will deny the parties' proposed discovery plan and scheduling order (ECF No. 15) and order the parties to file a new proposed discovery plan and scheduling order by May 14, 2021.

### IV. Plaintiff's Motion to Amend (ECF No. 29)

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id*. And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

Here, Plaintiff moves to amend its complaint to add allegations and claims related to National's "tortious and bad faith conduct" in connection with National demanding a deductible be reimbursed. ECF No. 29 at 3. National opposes the motion on three grounds. ECF No. 31. The Court will discuss each in turn.

First, National opposes Plaintiff's motion to amend on the ground that it is futile. ECF No. 31 at 4. This is so, according to National, because this suit is subject to arbitration based on the Southern District of New York's order compelling arbitration. *See* ECF No. 31. And even if it is

1 | not, Plaintiff must bring its arguments about the non-arbitrability of this case before the
2 | arbitration panel or the Southern District of New York. *Id.* at 4.

3 | The Court disagrees and finds that National has not met its burden to show that amendment is futile. As argued by Plaintiff in its reply (ECF No. 32 at 3) and as discussed above, the claims in this case have yet to be ordered to arbitration. To the contrary, the district judge in this case held that the bad faith claims at issue here are outside the scope of the arbitration agreement. ECF No. 39 at 2. Accordingly, National has not demonstrated that Plaintiff amending its complaint in this case is futile because such claims will ultimately be subject to arbitration.

Second and relatedly, National argues that amendment should be denied because granting the motion will unfairly prejudice National. ECF No. 31 at 4. This is so, according to National, because Plaintiff is required to arbitrate this case. *Id.* at 4-5.

Again, National has not met its burden to show that amendment should be denied. As previously explained, National has not demonstrated that the claims in this case are subject to arbitration, and the district judge in this case has held the opposite. *See* ECF No. 39.

Third, National argues that amendment should be denied because Plaintiff knew about the facts it seeks to add before this case was filed. ECF No. 31 at 5. National cites one case (*Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1338 (9th Cir. 1984)) for the proposition that leave to amend should be denied "where the moving party knew the facts from the outset but, for tactical reasons, delayed raising certain theories until after a loss in the litigation." ECF No. 31 at 5. National argues that this is the case here. *Id.*

Again, the Court finds that National has not met its burden to show that amendment should be denied. Plaintiff attests that it has no dilatory motive in seeking to amend its complaint now, nor has it unduly delayed in seeking amendment. ECF No. 32 at 4. Nothing before the Court convinces it that Plaintiff has an improper motive for seeking to amend its complaint now. Plaintiff has also not unduly delayed seeking amendment, as discovery has not yet begun in this

case.² *See* ECF No. 18 at 5; ECF No. 19. Accordingly, National has not carried its burden to show that amendment should be denied, and the Court will grant Plaintiff's motion to amend.³

**IT IS THEREFORE ORDERED** that National's motion to stay discovery (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for oral argument on National's motion to stay discovery (ECF No. 26) is DENIED as moot.

**IT IS FURTHER ORDERED** that the parties' proposed discovery plan and scheduling order (ECF No. 15) is DENIED.

**IT IS FURTHER ORDERED** that the parties must file a new proposed discovery plan and scheduling order by May 14, 2021.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 29) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file ECF No. 29-1.

DATED: April 30, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

² The Court also notes that *Beverly Hills Bancorp* is distinguishable from this case. Here, discovery has not begun. *See* ECF No. 18 at 5; ECF No. 19. In *Beverly Hills Bancorp*, leave to amend was sought after an issue was fully litigated through appeal. 752 F.2d at 1336. The Court held that "[t]he general rule that leave to amend under rule 15 should be freely granted . . . will not be extended without limit when a rule 15 motion is brought after a claim has been fully litigated on the merits through appeal." *Id.* at 1338.

³ The Court observes that Plaintiff's First Amended Complaint (ECF No. 29-1) names Tutor-Saliba Corporation (Tutor) as a Defendant, but the parties subsequently stipulated to dismiss Tutor (ECF Nos. 42, 43). Because ECF No. 29-1 will now be the operative complaint and names Tutor as a Defendant, the parties should file an appropriate stipulation to dismiss to clarify the record (if they do not intend Tutor to be a defendant in this case).